UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| **Lawrence Johnson and Dorothy Johnson,** | ) | **COMPLAINT** |
| | ) | |
| | ) | C/A 1:10-2945-MBS |
| **Plaintiffs,** | ) | |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Calvary Portfolio Services, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1.  This is an action brought by the Plaintiffs, Lawrence Johnson and Dorothy Johnson, for actual and statutory damages, attorneys' fees, and costs for Defendant Calvary Portfolio Services, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"). The Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2.  This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3.  Venue is proper in the Aiken Division because the Plaintiffs reside in Aiken County and the Defendant transacted business in this division.

## PARTIES

4.  The Plaintiffs, Lawrence Johnson and Dorothy Johnson, are residents and citizens of

the State of South Carolina, Aiken County, and are over the age of twenty-one (21) years.

5. The Defendant, Calvary Portfolio Services, LLC ("Calvary") is a New York corporation. Calvary can be served with process through its CEO and President, Mr. Andrew Zaro, 7 Skyline Drive, Hawthorne, New York 10532. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Aiken, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

6. Defendant Calvary participated in, and contributed to, the acts that injured and damaged the Plaintiffs as set forth herein below.

## FACTUAL ALLEGATIONS

7. Beginning November 9, 2009, and continuing through August 11, 2010, the Defendant Calvary, its agents and employees, called the Plaintiffs 41 times with the intent to harass, annoy, and intimidate the Plaintiffs.

8. Defendant Calvary telephoned the Plaintiffs a minimum of three times on July 13, 2010, and a minimum of two times per day on March 17, April 6, April 13, April 20, April 30, May 5, May 25, June 7, July 7, 2010. Additionally, Defendant Calvary called the Plaintiffs on multiple other days.

9. Defendant Calvary did not communicate with the Plaintiffs upon the Plaintiffs' answering the harassing calls, but instead left the line silent.

10. Upon information and belief, the Defendant utilized an auto-dialer to make annoying and harassing phone calls such as the calls made to the Plaintiffs.

11. The Plaintiffs received no letters or written notice at any point from the Defendant.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

12. The Plaintiffs adopt the averments and allegations of paragraphs 7 through 11 hereinbefore as if fully set forth herein.

13. Defendant Calvary has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiffs' alleged consumer debt.

14. Defendant Calvary violated §1692c(a)(1) by contacting the Plaintiffs at a time or place Defendant knew or should have known was inconvenient to the Plaintiffs.

15. Defendant Calvary violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiffs by repeatedly telephoning the Plaintiffs with the intent to annoy, abuse, or harass the Plaintiffs in an effort to coerce them into paying a debt in violation of §1692d(5).

16. Defendant Calvary violated §1692g(a) by failing to provide the Plaintiffs with written notice that included the name of the creditor, the amount of the debt, a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. As a proximate result of Defendant Calvary's actions, the Plaintiffs were caused to suffer actual damages for worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, family discord, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

18. The Plaintiffs adopt the averments and allegations of paragraphs 7 through 17 hereinbefore as if fully set forth herein.

19. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

20. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina law.

21. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

22. Defendant negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

23. As a result of the Defendant's negligence, the Plaintiffs suffered humiliation, loss of

sleep, anxiety, family discord, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

24. The Plaintiffs adopt the averments and allegations of paragraphs 7 through 23 hereinbefore as if fully set forth herein.

25. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

26. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina law.

27. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

28. Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

29. As a result of the Defendant's recklessness and wantonness, the Plaintiffs suffered humiliation, loss of sleep, family discord, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against the Defendant as follows:

a. Statutory damages of $1,000 for each Plaintiff from Defendant Calvary for its violations of the FDCPA (15 U.S.C. §1692k);

b.  Actual damages for Defendant Calvary's violations of the FDCPA;

c.  Costs and reasonable attorney's fees from Defendant Calvary pursuant to 15 U.S.C. § 1692k;

d.  Compensatory and punitive damages against Defendant Calvary in an amount to be determined by a struck jury on Plaintiffs' state law claims for damages due to the Defendants' Negligent Training and Supervision, and Reckless and Wanton Training and Supervision;

e.  For this matter to be heard by a jury; and

f.  For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID #10323
Attorney for Plaintiffs

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**
Calvary Portfolio Services, LLC
c/o  Mr. Andrew Zaro, CEO and President
7 Skyline Drive
Hawthorne, New York 10532